JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janet L. Robinson, PLAINTIFF(S) | CASE NUMBER 5:25-cv-00617-SSS-SHKx |
| v. | |
| California State Teachers Retirement System, DEFENDANT(S) | **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
- ☒ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☒ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

March 13, 2025
Date

Sunshine S. Sykes
United States District Judge

On March 7, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. [Dkt. 1, 3]. Plaintiff alleges that Defendant, the California State Teachers Retirement System ("CALSTRS"), wrongfully denied her claims for disability benefits. [Dkt. 1 at 1-2]. Plaintiff alleges violations of the Americans with Disabilities Act and state law. Id. at 19-34. Plaintiff seeks benefits, damages, and other relief. Id. at 34-35.

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As stated below, the Complaint is dismissed without leave to amend.

An action is legally frivolous when the "defendants are immune from suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In particular, an action is legally frivolous when it is barred by the Eleventh Amendment. Jackson v. State of Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (claim against the state that is barred by the Eleventh Amendment is without arguable legal basis and therefore frivolous), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003).

Here, Defendant is a state agency that is immune from suit in federal court under the Eleventh Amendment. See Glenn v. CalSTRS, 2017 WL 5973513, at *6 (N.D. Cal. Feb. 21, 2017) (claims of disability discrimination against CALSTRS are barred by the Eleventh Amendment), affirmed sub nom. Glenn v. California Dept. of Education, 709 F. App'x 499, 500 (9th Cir. 2018). It makes no difference that Plaintiff alleges violations of the Americans with Disabilities Act. See Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 360 (2001) (holding that Title I of the Americans with Disabilities Act does not validly abrogate states' Eleventh Amendment immunity). To the extent that Plaintiff seeks judicial review of the denial of her disability claims, such review must be conducted not by a federal court, but through a petition for writ of mandate filed with a state court. See Glenn, 2017 WL 5973513, at *3 (citing California Code of Civil Procedure § 1094.5 and Duarte v. State Teachers' Retirement System, 232 Cal. App. 4th 370, 383-84 (2014)). For these reasons, the Complaint is dismissed as legally frivolous because it is barred by Eleventh Amendment.

Finally, leave to amend is not warranted. Plaintiff cannot amend her Complaint to overcome Eleventh Amendment immunity. See Munoz v. Superior Court of Los Angeles County, 91 F.4th 977, 980 (9th Cir. 2024) ("[N]o exception applies to the rule prohibiting suits against the state[.]"). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice. The dismissal of this action is without prejudice to Plaintiff seeking relief, if it is available, in state court.

(*attach additional pages if necessary*)